**FILED**
**Nov 14, 2023**
**10:54 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| SONDRA L. CLAYBROOKS,<br>    Employee, | ) | Docket No 2020-06-0489 |
| v. | ) | |
| INSIGHT GLOBAL, LLC,<br>    Employer, | ) | State File No. 23248-2020 |
| And | ) | |
| TWIN CITY FIRE INS. CO.,<br>    Carrier. | ) | Judge Robert Durham |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

The Court heard Insight's Motion for Summary Judgment on November 6, 2023. Insight asserts entitlement to summary judgment because Ms. Claybrooks does not have sufficient evidence to create a material question of fact as to whether she suffered a compensable injury when she fell at work on May 9, 2019. For the reasons below, the Court grants the motion.[1]

### History of Claim

Ms. Claybrooks testified that on May 9, 2019, she went to the restroom while at a work meeting. She slipped on the wet restroom floor, causing her legs to "split" before she fell on her right side. She immediately reported the fall to her manager, completed an accident report, and sought care at a clinic. However, Insight did not provide a panel.

After an expedited hearing in February 2021, the Court held that while Ms. Claybrooks had not established the likelihood of proving causation, she was entitled to a panel of physicians. Ms. Claybrooks then asserted a claim against the Subsequent Injury Fund.

---

[1] Ms. Claybrooks has a separate hearing loss claim against Insight and the Subsequent Injury Fund. That claim is not affected by this Order.

1

Over the next few years, Ms. Claybrooks saw multiple doctors, both authorized and unauthorized, for a variety of conditions.

On November 17, 2022, the Court set a second expedited hearing to address Ms. Claybrooks's requests for additional medical and temporary disability benefits. The Court also reset the deadlines of a scheduling order and set a compensation hearing for May 15, 2023. Later, the Fund filed a motion for summary judgment, and Ms. Claybrooks filed a response with attached medical records.

The Court set the summary judgment and expedited hearing for March 6. Ms. Claybrooks did not appear, even though she was in the building. Given the circumstances and the claim's history, the Court granted the Fund's motion for summary judgment because Ms. Claybrooks did not submit any expert opinions that complied with Tennessee Rules of Civil Procedure 56 to support her claim. The Court also denied Ms. Claybrooks's hearing request. However, her other claims remained, and the compensation hearing was still scheduled for May 15. Ms. Claybrooks appealed, which stayed any further Court proceedings.

On March 31, Insight filed a motion for summary judgment, citing Ms. Claybrooks's inability to provide an expert opinion proving causation. Specifically, Insight's statement of undisputed facts included statements from authorized physicians' records that Ms. Claybrooks's complaints were not primarily caused by her fall at work. Insight set the motion for May 15. Ms. Claybrooks did not respond to the motion.

On May 30, the Appeals Board affirmed and determined the appeal was frivolous. The Board issued the decision after the scheduled dates for Insight's summary judgment and compensation hearings. Ms. Claybrooks filed another appeal, attempting to appeal the Board's order. After the Board dismissed that appeal, the Court set a scheduling hearing. During the hearing, the Court was inadvertently cut off, and Ms. Claybrooks hung up. She did not call back, and several unsuccessful attempts were made to reach her. The Court proceeded with the scheduling hearing and set the compensation hearing for November 6.

Ms. Claybrooks appealed the Scheduling Order, and the Appeals Board affirmed on September 14.

Insight reset its motion for summary judgment on October 23, setting it on the compensation hearing date of November 6. It also filed a "supplement" to its motion, which pointed out reasons for the delays, that Ms. Claybrooks had not responded to the motion, and that she had not provided an admissible expert opinion. Ms. Claybrooks did not respond to the motion.

On October 30, Ms. Claybrooks filed a motion for continuance and a motion that the Court considered as a motion to strike the summary judgment motion. The Court set a

telephone hearing for November 2 and sent notices to the parties. Ms. Claybrooks did not attend. The Court denied her motion to continue and took the other motion under advisement.

At the in-person hearing on November 6, the Court first considered the motion to strike Insight's summary judgment motion. After hearing arguments, the Court struck Insight's "supplement" to its motion but allowed argument to proceed on the summary judgment motion. After hearing arguments, the Court asked Ms. Claybrooks if she had any medical opinions in the form of C-30 reports or depositions that supported her position that her physical complaints were primarily related to her 2019 fall. She did not, and the Court granted Insight's motion.

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2023).

To prevail, Insight must do one of two things: (1) submit affirmative evidence that negates an essential element of Ms. Claybrooks's claim; or (2) demonstrate that her evidence is insufficient to establish an essential element of her claim. Tenn. Code Ann. § 20-16-101 (2023); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Insight meets its burden, Ms. Claybrooks must then "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in [her] favor." *Rye,* at 265. The Court "must view the evidence in the light most favorable to the non-moving party and must also draw all reasonable inferences in favor of the non-moving party." *Love v. Love Management, Inc.,* 2022 TN Wrk. Comp. App. Bd. LEXIS 9, at *15 (Feb. 23, 2022).

To prove her claim, Ms. Claybrooks must show that her orthopedic complaints were caused by a "specific incident or set of incidents, arising primarily out of and in the course and scope of employment" with Insight, specifically her fall on May 19, 2019. Tenn. Code Ann. § 50-6-102(14)(A) (2019). Further, she must prove causation "to a reasonable degree of medical certainty," through expert medical opinion. *Id*. at -102(14)(D).

The Court will first address Ms. Claybrooks's argument that the Court should have denied the summary judgment motion, or at least continued the hearing on it.

Insight originally filed its motion on March 31, 2023, and set it for a hearing in May. The hearing, as well as any other substantive proceedings, were delayed due to stays caused by Ms. Claybrooks's appeals. One of these appeals was determined to be frivolous; the other was administratively dismissed. Further, Ms. Claybrooks made no attempt to respond

3

to Insight's motion.  When Insight reset a hearing on the motion for November 6, the date already set for the compensation hearing, Ms. Claybrooks again did not respond other than filing the motion to continue and then failed to appear at the hearing set for her motions.

Rule 56 provides that hearings must be set at least thirty days after the motion is filed and that the non-moving party must file a response within five days of the hearing. Insight complied with this deadline, as it filed the motion on March 31.  Ms. Claybrooks had ample time to properly respond but failed to do so.  Thus, Ms. Claybrooks's motion to strike and/or continue the summary judgment motion is denied.  However, as for the "supplement" filed on March 31, the Court finds that Insight filed it fewer than thirty days before the hearing and will not consider it.

Turning to the merits of the motion for summary judgment, Insight asserts that Ms. Claybrooks does not have any expert medical proof that her fall at work primarily caused her orthopedic complaints.  In support, it includes in its Statement of Undisputed Facts assertions from two authorized physicians that Ms. Claybrooks's complaints did not primarily arise out of and in the course and scope of her employment.  Ms. Claybrooks did not respond to the statement before the hearing; thus, these assertions are deemed admitted. *Dave v. Dion Ice*, 2017 TN Wrk. Comp. App. Bd. LEXIS 131, at \*5 (July 26, 2017).  Ms. Claybrooks did not respond to the motion but instead attempted to rely on voluminous, previously filed medical records.

The Appeals Board considered similar facts several months ago, when Ms. Claybrooks appealed the order granting summary judgment to the Subsequent Injury Fund. In that decision, the Board observed that the trial court could not consider the medical records but was "allowed only to consider 'pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any.'  Medical records, standing alone, are not included on the list." *Claybrooks v. Insight Global, LLC,* 2023 TN Wrk. Comp. App. Bd. LEXIS 24, at \*11 (May 30, 2023) (citing *Sadeekah v. Zaher Abdelaziz d/b/a Home Furniture and More*, 2021 TN Wrk. Comp. App. Bd. LEXIS 19, at \*12-13 (June 22, 2021)).  The Board found that Ms. Claybrooks had not identified any "admissible evidence that would create a genuine issue of material fact" as to the Fund's liability."  It held that the trial court considered the admissible evidence before it and correctly granted summary judgment to the Fund.  *Id.*

The same is justified in this case.  None of the information submitted by Ms. Claybrooks that might constitute an expert opinion was in the form of a pleading, admission, interrogatory response, affidavit, deposition, or medical report under Tennessee Code Annotated section 50-6-235.  Because Rule 56 requires information to be in one of those forms, the Court finds Ms. Claybrooks did not submit any admissible evidence showing a genuine issue of material fact as to whether she suffered a compensable injury from her May 9, 2019 work-related fall.  Insight met its burden of demonstrating that Ms. Claybrooks's evidence is insufficient to establish an essential element of her claim, and

submitted affirmative evidence that negates an essential element of the claim. The Court grants the motion for summary judgment.

**IT IS ORDERED AS FOLLOWS:**

1. Ms. Claybrooks's claim for workers' compensation benefits is dismissed with prejudice to its refiling. Unless appealed, this order becomes final in thirty days.

2. Insight shall pay the $150 filing fee to the Clerk within five business days after this order becomes final under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (February, 2022).

3. Insight shall file Form SD-2 with the Clerk within ten business days of this order becoming final.

**ENTERED November 14, 2023.**

_____
**ROBERT DURHAM, JUDGE**
**Court of Workers' Compensation Claims**

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on November 14, 2023.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Sondra Claybrooks | | | X | Slclay2228@gmail.com |
| L. Blair Cannon | | | X | Blair.cannon@thehartford.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____
*[Signature of appellant or attorney for appellant]*